# Johnson *v.* The State

### *Violating Criminal Contract.*

(Decided Dec. 19, 1907.   45 South. 230.)

*Fraud; Obtaining Money Under Contract of Service; Criminal Contract.*—O. was superintendent of the road gang of Pike county and authorized to hire hands on the road at $1.00 per day each for which the county paid. Defendant was convicted and fined and procured O. to pay said fine and costs and entered into an agreement with O. to perform work on the road at $10.00 per month, $5.00 of which was to go to the liquidation of said criminal contract which covered a term of ten months. Held, defendant could not be convicted under section 4730 for a violation of such contract as Owens was not the employer of defendant and it was not shown that he had the right, as agent of the county to make such a contract for the county.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Doc Johnson was tried and convicted of violating a criminal contract and appeals. Reversed and remanded.

D. A. BAKER, for appellant. Under the evidence in this case the defendant could not be found guilty, and the court erred in the admission of the contract.—*Copeland v. The State,* 97 Ala. 30; *Guthrie v. The State,* 111 Ala. 40.

·[Johnson v. The State.]

ALEXANDER M. GARBER, Attorney General, for the State. Owens was an independent contractor and Johnson could have sued the county for wages earned by him under the contract which he made with Owens. This is the test.—*Massey v. Oates,* 143 Ala. 248; *Chattahoochee Co. v. Behrman,* 136 Ala. 508; *Scarbrough v. Midland Co.,* 94 Ala. 497; *Harris v. McNamara,* 97 Ala. 181; *Mayor, etc., v. McCary,* 84 Ala. 469.

TYSON, C. J.—The indictment upon which defendant was tried and convicted was preferred for a violation of section 4730 of the Criminal Code of 1896. It alleges that defendant, with the intent to injure or defraud his employer, Fox Owens, entered into a contract in writing for the performance of an act or service for the said Fox Owens and thereby obtained $55 in money, etc. These averments follow the language employed in the statute. The written contract introduced in evidence obligated the defendant to perform labor as a road hand with Owens upon the public roads of Pike county, Ala., from July 16, 1906, to June 16, 1907, at and for the monthly wage of $10, which Owens, by the contract, bound himself to pay by crediting $5 of the monthly wage upon the advancement made of $55 by him to defendant, and paying the remaining $5 in cash to defendant.

The evidence indisputably showed that Owens had no authority or control over the public roads of the county, other than by virtue of his employment by the court of county commissioners as superintendent of a gang of road hands, for his services in which capacity he was paid a salary; but that as such superintendent he was authorized to hire the hands to do the work on the roads at $1 per day each per hand for the purpose of paying those performing services. It is clear to us,

on these facts, that Owens was not the employer of the defendant. It was only by virtue of Owens' relation to the county, as its agent, that the performance of labor upon the public roads was authorized at all, and that at the stipuluated wage of $1 per day for each laborer. Without this relation existing, Owens was without authority to have any work done upon the roads, and the subject-matter of the contract would be wanting. In short, in the absence of authorization from the county to Owens, by which he, as its agent, had the right to go upon the roads and to contract for work upon them, any contracts made by him to that end would be void. Suppose that on the next day after the contract was executed Owens had been discharged by the county, or that the county concluded to discontinue all work upon its roads; Owens' right to compel performance of the contract by defendant, if it existed, would have been terminated. So, also, the defendant's right to enforce payment of the wage by Owens would have been at an end.

The contract was to extend over a period of 11 months and any happening during that period, such as the striking down of Owens' delegated authority over the roads or of his authority to hire hands by the day to work upon them, that would destroy his right to exercise the delegated authority committed to him by the county as its agent, would have rendered the contract impossible of performance by either of the parties to it; for clearly the defendant was not bound to a performance of the service specified in the contract unless Owens complied with the implied term of the contract to furnish the roads upon which the act of service was to be performed. It is entirely obvious that Owens, as the agent of the county, exceeded his authority in the making of the contract to bind it, as his principal, for a term of 11 months. But, even if it be conceded that he was authorized to so bind

the county, and that the contract was between the county and defendant, there would be a fatal variance between the allegata and probata. It may be seriously questioned whether, under the facts developed, the contract is not wholly illegal as an attempt on the part of Owens to provide a means by which he could illegally appropriate to his own use funds belonging to the county, intrusted to him as its agent to be disbursed to the laborers upon the roads employed by him as such agent. The affirmative charge requested by the defendant should have been given.

Reversed and remanded.

SIMPSON, ANDERSON, and DENSON, JJ., concur.